MAURICE FOX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39458.    Promulgated September 30, 1953.

*Morris M. Schnitzer, Esq.*, for the petitioner.
*John J. Hopkins, Esq.*, for the respondent.

BLACK, *Judge:* The sole issue in this proceeding is whether certain dividends from federal savings and loan associations are taxable to petitioner during the taxable year 1949, or in 1950. These dividends were not actually received by petitioner, a cash basis taxpayer, until the year 1950. Nevertheless, respondent determined the dividends are taxable to petitioner during 1949, based on constructive receipt during 1949. In support of his determination respondent relies primarily on the following facts: (1) That the dividends were declared and were payable in 1949, and (2) that had petitioner appeared in person at the associations on December 31, 1949, and demanded the dividends they would have been paid in 1949. These dividends are taxable to petitioner during 1949 if, and only if, they were unqualifiedly made subject to his demand during 1949. See *Avery* v. *Commissioner*, 292 U. S. 210.

The applicable provision of the Code is section 42 which reads, in part, as follows:

SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

(a) GENERAL RULE.—The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. * * *

The corresponding section of Regulations 111, section 29.42–3, as set forth in the margin,[1] deals in part specifically with shareholders of building and loan associations. It does not deal specifically with shareholders of federally guaranteed savings and loan associations such as we have here. Neither party refers in their briefs to the sentence in the regulations which we have marked for emphasis. We

---

[1] SEC. 29.42–3. EXAMPLES OF CONSTRUCTIVE RECEIPT.—If interest coupons have matured and are payable, but have not been cashed, such interest, though not collected when due and payable, shall be included in gross income for the year during which the coupons mature, unless it can be shown that there are no funds available for payment of the interest during such year. The interest shall be included in gross income even though the coupons are exchanged for other property instead of eventually being cashed. The amount of defaulted coupons is income for the year in which paid. Dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the shareholder. If a dividend is declared payable on December 31 and the corporation intended to and did follow its practice of paying the dividends by checks mailed so that the shareholders would not receive them until January of the following year, such dividends are not considered to have been unqualifiedly made subject to *the demand of the shareholders* prior to January, when the checks were actually received. As to the distributive share of the profits of a partner in a partnership, see section 188. Interest credited on savings bank deposits, even though the bank nominally has a rule, seldom or never enforced, that it may require so many days' notice before withdrawals are permitted, is income to the depositor when credited. *An amount credited to shareholders of a building and loan association, when such credit passes without restriction to the shareholder, has a taxable status as income for the year of the credit.* If the amount of such accumulations does not become available to the shareholder until the maturity of a share, the amount of any share in excess of the aggregate amount paid in by the shareholder is income for the year of the maturity of the share. [Emphasis added.]

think that provision in the regulations has no application here. We have here no crediting of earnings by a building and loan association to its shareholders. We have here the payment of dividends in regular course of business by federal savings and loan associations to their shareholders and the mailing out of these dividends in the regular way.

The statutory provisions permitting the organization of federal savings and loan associations are found in the Home Owner's Loan Act of 1933, 12 U. S. C. A., sections 1461–1468. Today, shares in federal savings and loan associations are comman and widely held by investors. We think the part of the applicable regulations which is applicable to the facts of the instant case is that part which reads as follows:

Dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the shareholder. If a dividend is declared payable on December 31 and the corporation intended to and did follow its practice of paying the dividends by checks mailed so that the shareholders would not receive them until January of the following year, such dividends are not considered to have been unqualifiedly made subject to the demand of the shareholders prior to January, when the checks were actually received. * * *

Respondent's principal reliance is upon the following stipulation of fact:

(e) The dividends were unqualifiedly available to the demand of the petitioner in the event he personally appeared and demanded same on December 31, 1949.

It should be noted that it is also stipulated that the practice of paying dividends by checks was followed for the convenience of the shareholders and was not followed for the purpose of preventing the shareholders from receiving their dividend checks before January 1, 1950.

Respondent relies on *Frank W. Kunze*, 19 T. C. 29, affd. 203 F. 2d 957, which involved closely associated taxpayers. That case is distinguishable on its facts and is not controlling here. In that case it was held that a dividend check made available to the taxpayer on the last day of the year in sufficient time to cash or deposit it that day was constructively received and includible in that year's gross income where *he requested* that it be mailed and consequently it did not reach him until the next year.

The stipulated facts show that we have no such circumstance here. We think respondent erred in applying the doctrine of constructive receipt to the $2,050 dividends in question. We think the Treasury regulations to which we have already referred are applicable and do not support such a determination. We decide the issue involved in favor of the petitioner.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

BRUCE, *J.*, concurs in the result.

RAUM, *J.*, dissenting: I think that the result reached in this case is wrong and will be productive of mischief in the administration of the tax laws. There is no question that the dividends in controversy are taxable; the sole issue is *when*. The problem is one that perhaps could theoretically invite a variety of answers, but it was settled many years ago. The rule has been firmly established that dividends and interest are taxable during the year that they are unqualifiedly made available to the taxpayer. *Avery* v. *Commissioner*, 292 U. S. 210; *Loose* v. *United States*, 74 F. 2d 147 (C. A. 8) ; Regs. 111, sec. 29.42–3. It is a rule that is sound and provides certainty and stability in a field where such is highly to be desired.

Applying that rule to the stipulated facts of this case, it would seem that there could be only one answer. The stipulation explicitly states that "The dividends were unqualifiedly available to the demand of the petitioner in the event he personally appeared and demanded same on December 31, 1949." Petitioner argues that as a practical matter it would have been impossible for him to appear on December 31, 1949, at each of the savings and loan associations, scattered over the entire country, and that therefore the dividends were not in fact unqualifiedly subject to his control at that time. However, it is clear that such circumstance is irrelevant, cf. *Loose* v. *United States, supra*, and the prevailing opinion does not profess to give any weight to it. If the point were sound, then the shareholder in a nearby savings and loan association would be charged with the dividend in the year of declaration, whereas another shareholder residing in a more remote area would account for his dividend in the following year. Or, a taxpayer having shares in nearby as well as remote associations might be taxed in the earlier year with respect to dividends in the local associations but in the later year with respect to dividends declared by the distant ones. And, if such criteria are relevant, should it make a difference that the taxpayer is away from home on the crucial date and is within easy reach of one of the remote associations? Again, if the taxpayer should suffer a paralytic stroke thereby being disabled from presenting himself at any of the associations, would that fact be pertinent? It seems obvious that any test that turned on such considerations would be thoroughly unacceptable and contrary to the theory of the *Loose* case.

I can find no justification in the decisions or the regulations for the result reached by the majority. Certainly, nothing in the regulations. calls for the result. The test is plainly stated in the regulations as follows: "Dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the shareholder." And here the stipulated facts disclose that time to be 1949. To be sure, the regulations go further and undertake to furnish a guide for deter-

mining when dividends become unqualifiedly subject to the shareholder's demand. In the normal course, a dividend declared payable on December 31 and mailed by a corporation in accordance with its practice so that the shareholder would not receive it until January is not considered to have been unqualifiedly made subject to his demand prior to January. But here, the dividends were mailed merely as a convenience to the shareholder, cf. *Frank W. Kunze*, 19 T. C. 29, affirmed, 203 F. 2d 957 (C. A. 2), and the stipulation of facts itself tells us when the dividends were unqualifiedly available to him.

Moreover, the regulations further provide that: "An amount credited to shareholders of a building and loan association, when such credit passes without restriction to the shareholder, has a taxable status as income for the year of the credit." Although it is true that we have here savings and loan associations rather than building and loan associations, it seems plain that the same result is required. It should be a matter of no moment whether there was technically a "credit" to the shareholder's account, as stressed in the prevailing opinion; moreover, the record herein fails to show that there weren't some comparable bookkeeping entries here. The pivotal inquiry is whether the dividends were unqualifiedly available to petitioner on December 31, 1949. I think that the stipulation of facts answers that question in the affirmative.

OPPER and TIETJENS, *JJ*., agree with this dissent.